CITY OF SOMERVILLE
LAW DEPARTMENT

2019 JUN 18 P 12: 02

2019 JUN 18 A 11: 38

CITY CLERK'S OFFICE
SOMERVILLE, MA

**Commonwealth of Massachusetts**

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984-CV-01590

Henry Diaz, PLAINTIFF(S),

v.

City of Somerville, DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO The City of Somerville. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court, _____ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: James T. Heggie, 333 Riccuiti Ave., #1721 Quincy MA 02169.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Henry Diaz<br>ADDRESS: 181 Hamlet Street<br>Somerville, MA 02143 | | COUNTY: Suffolk<br>DEFENDANT(S): City of Somerville |
| ATTORNEY: James Heggie<br>ADDRESS: 333 Ricciuti Drive<br>Suite 1721<br>Quincy, MA<br>BBO: 659244 | | ADDRESS: 93 Highland Ave<br>Somerville, MA 02143 |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES ☒ NO
Is this a class action under Mass. R. Civ. P. 23?  ☐ YES ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............ $0
2. Total doctor expenses ............ $0
3. Total chiropractic expenses ............ $0
4. Total physical therapy expenses ............ $0
5. Total other expenses (describe below) ............ $250
   Subtotal (A): $250

B. Documented lost wages and compensation to date ............ $20,000
C. Documented property damages to date ............ $0
D. Reasonably anticipated future medical and hospital expenses ............ $2500
E. Reasonably anticipated lost wages ............ $20,000
F. Other documented items of damages (describe below) ............ $50,000

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Mr. Diaz was discriminated against by the Somerville Police Department and terminated from his employment

TOTAL (A-F): $97,500

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
TOTAL: $0

Signature of Attorney/ Unrepresented Plaintiff: X [signature]   Date: 5/17/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X [signature]   Date: 6-17-19

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT
                                                      C. A. NO.: 1984-CV-01590

HENRY DIAZ,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )
                                     )
CITY OF SOMERVILLE.                  )
                                     )
            Defendant.               )
                                     )

**PLAINTIFF'S NOTICE OF FILING OF AMENDED COMPLAINT**

**COMES NOW,** the Plaintiff, Henry Diaz, by and through his undersigned counsel, James J. Heggie, who hereby files the Amended Complaint pursuant to Mass. R. Civ. P. 15(a). The Amended Complaint is attached as **Exhibit A** to this notice.

The Plaintiff,
By his Attorney,

_____
James J. Heggie
333 Ricciuti Drive, Suite 1721
Quincy, MA 02169
Tel. 617-842-2175

james.heggie@fac.quincycollege.edu

June 11, 2019

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                        SUPERIOR COURT
                                                                                    C. A. NO.: 1984-CV-01590

HENRY DIAZ,                                    )
                                               )
            Plaintiff,                         )
                                               )         **AMENDED COMPLAINT AND JURY**
        v.                                     )         **DEMAND**
                                               )
CITY OF SOMERVILLE.                            )
                                               )
            Defendant.                         )
                                               )

## AMENDED COMPLAINT

### PARTIES

1. Plaintiff, HENRY DIAZ, is an individual residing in Somerville, MA in Middlesex County Massachusetts. Henry Diaz would be a Black-Hispanic and a member of a protected class.

2. Defendant is the City of Somerville, The City of Somerville is the legal entity responsible for itself and for the Somerville Police Department. The Defendant would be an employer within meaning of the G.L. 151B and Title VII.

### FACTS

3. Henry Diaz was appointed a police officer for the City of Somerville in February 2008. Henry Diaz had an exemplary record as a police officer.

4. In 2014, Henry Diaz testified in a criminal case for a defendant and Deputy Chief Paul Trant stated to a co-worker that he did not understand why Henry Diaz would testify for the defendant with the obvious warning that Henry Diaz testifying would "go against" the powers in charge of the Somerville police department. It is Henry Diaz' belief that the defendant he testified for had a dispute with Trant and this act of testifying enraged Trant.

5. On June 30, 2017 Henry Diaz and an individual allegedly named Hatvey Baez, engaged in an altercation. The case was dismissed and Hatvey Baez did not even show up for any proceedings.

6. Henry Diaz reported the incident to the Somerville Police Department and stated that he a man had an altercation. It was late at night and the other man in the altercation stated, or

acted, as if he was going to get a weapon from the trunk of his car. Henry Diaz believed that this other man in the altercation was getting a gun from his trunk. Henry Diaz reacted to this situation. In his training as a police officer Henry Diaz was trained in this situation to take all measures to not allow the other person, in this case, Harvey Baez, to retrieve a weapon from the trunk of his car. Henry Diaz did not have a weapon and took measures to insure his safety. Henry Diaz did not use a weapon in any manner and had a legitimate fear for his safety.

7. Henry Diaz informed the Somerville Police Department of this altercation and fear for his safety.

8. Henry Diaz is a combat veteran and has issues associated with his service. Henry Diaz has contacted the Veteran's Administration regarding these issues and it was stated to Henry Diaz that his condition did affect his reaction on the night of the incident and that his condition would have had a direct and substantial correlation to how he reacted on the night of the incident.

9. Henry Diaz informed the Somerville Police Department of his fear that the other man in the altercation had a gun or was going to get a gun and the representatives of the Somerville Police Department disregarded this information. Henry Diaz, with no previous discipline and the case being dismissed in a Court of the Commonwealth of Massachusetts, was terminated by the Somerville Police Department in December 2017.

10. Henry Diaz believes that he was being treated differently than the other white police officers and that this disparate treatment was based on his being a minority in a protected class. Henry Diaz further specifically believes that his supervisors targeted him for testifying in a previous court proceeding and for actions in relation to a DUI case.

11. Henry Diaz felt proud and privileged to be a police officer on the Somerville Police Department and is also a proud veteran. Henry Diaz believes that if he was white that he would not have been terminated and that white officers were treated completely different than he was. Henry Diaz regrets testifying against the interests of Deputy Trant and would not have if he knew that this action would result, at least in part, in his termination.

12. There was no progressive discipline and the use of discipline in Henry Diaz' case was different than discipline involving white police officers.

13. Henry Diaz was told be a fellow Somerville Police officer, now not with the force, that he had to be a white, heterosexual to get by in the department.

14. The Somerville Police Department has at least sixteen white police officers who engaged in conduct and activities which would be far more serious and resulted in investigations under which all were not terminated. The names and brief summary of the offenses are as follows: Alex Cappabianco, cousin to the Somerville Mayor, using counterfeit money; Ariel Collazo, involved in fight that went a Jury trial; Chris Gomes, domestic violence; Gravin Guillen; domestic and false statements; John O'Connor, assault and battery and threatening Deputy Trant; John Vozella; false statements; Michael Kiely and Mike Ameral; falsifying records and failure to report using weapon; Leo Martini, falsifying documents; Joe McCain, lost weapon and falsified report; Mike Silva, assault and battery; Rob Vozzela, stealing candy money, Mike Kennealy, Domestic assault and was actually promoted; Mike Kiely again for Concord incident that was not followed up on; Scott Wheelan, texting criminal victim to meet up; James Torres, domestic. There also exist numerous incidents involving Somerville Police officers involved in fights, domestic abuse, drinking issues and police involved incidents which were never followed up on and involved white officers

15. The Somerville Police Department had numerous incidents of white police officers on the job committing acts of violence and acts violating the civil rights of persons and the police officers involved in these incidents were not terminated and, in some cases, were promoted. There also are numerous cases of white police officers being involved in violent incidents that were known to the Somerville Police Department but no discipline, or investigation was initiated.

16. The Somerville Police Department had numerous white police officer who were not disciplined based on the court proceedings being dismissed or a finding of not guilty through an actual trial. Henry Diaz asserts that if he was white, he would not have been terminated on the basis of the court proceedings being dismissed.

17. Henry Diaz continued to assert and argue that he was being treated in a disparate manner and he provided substantial and numerous examples to the City of Somerville to illustrate that he was being treated differently than white officers.

18. All the above would be disparate treatment based upon Henry Diaz being a Black-Hispanic and in retaliation for testifying as against Deputy Trant's interests.
19. As a result of the discriminatory and retaliatory actions taken against Henry Diaz by defendants, Mr. Diaz suffered severe emotional distress.
20. For the foregoing reasons, Mr. Diaz charges Respondents with unlawful discrimination on the bases of race discrimination and retaliation in violation of M.G.L. c. 151B and applicable state and federal law and regulations.
21. The City of Somerville disregarded the obvious and substantial examples of disparate treatment and exercised no reasonable care or care at all and has continued on with this conduct until this present time.
22. Mr. Diaz timely filed a complaint with the EEOC and MCAD.

## CAUSES OF ACTIONS

### COUNT I: DISCRIMINATION BASED ON RACE IN VIOLATION OF M.G.L. C. 151B AND TITLE VII OF THE CIVIL RIGHTS ACT

23. Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.

24. Henry Diaz is a member of a protected class, he suffered harm as a result of the employer's adverse employment action, and the employer harbored discriminatory animus, which was the determinative cause of the adverse action." Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 752 N.E.2d 700, 711 (2001); Lewis v. City of Boston, 321 F.3d 207, 213-14 (1st Cir.2003) (construing Massachusetts law).

25. Henry Diaz is a member of a protected class as a Black-Hispanic male and he suffered harm, both physical and emotional, based on defendants' adverse employment actions, and it is clear that the defendant harbored discriminatory animus.

26. Henry Diaz did suffer an "adverse employment action" as a result of his race and in retaliation and the Somerville Police Department did target and treat him in a different manner than white police officers based upon his race and in retaliation for his complaint. Under G.L. c. 151B, § 4(4), adverse actions consist of a defendant's action to "`otherwise discriminate against' the plaintiff." Mole v. Univ. of Mass., 442 Mass. 582, 814 N.E.2d 329, 339 n. 14 (2004).

27. Henry Diaz can establish a prima facie case by adducing evidence that (i) he is a member of the protected class (ii) the quality of his work met the employer's legitimate expectations (iii) he suffered adverse actions under which he was treated differently than white police officers, (iv) that this disparate treatment was based upon Henry Diaz being a Black-Hispanic.

28. Henry Diaz alleged that he was being treated differently and in a disparate manner throughout the appeal of his termination and this conduct was continuing in nature.

29. Henry Diaz alleges that the violation of his rights is continuing in nature and this civil suit would be timely under G.L. 151B and based upon Henry Diaz fulfilling his obligations under G.L. 151B.

30. Henry Diaz has substantial actual damages and suffered severe emotional distress because of the conduct of the City of Somerville.

### COUNT II: RETALIATION IN VIOLATION OF M.G.L. C. 151B AND TITLE VII OF THE CIVIL RIGHTS ACT

31. Plaintiff restates and re-alleges all preceding allegations as if fully recited herein.

32. Henry Diaz is a member of a protected class, and he suffered harm as a result of the employer's adverse employment action.

33. Henry Diaz is a member of a protected class as an Black-Hispanic male, he suffered harm, both physical and emotional, based on defendants' adverse employment actions, and it is clear that defendant harbored discriminatory animus and that the adverse employment action came as a result of his complaint.

34. Henry Diaz did suffer an "adverse employment action" as a result of a complaint, grievance and action within the rights under both G.L. 151B and Title VII and he was harassed and targeted.

35. Henry Diaz was being treated differently than white police officers and the Somerville Police Department did nothing to stop these actions.

36. Henry Diaz has established a *prima facie* case of discrimination and retaliation by demonstrating that he is in a protected class, he was harassed, intimidated, targeted and in retaliation for a testifying in Court which was within his rights.

37. M.G.L. c.151B and Title VII prohibit employers or its agents, including supervisors, from discriminating and/or retaliating against an employee on the basis of gender, race or through acts protected under the above cited.
38. Henry Diaz did file with the MCAD and EEOC within the required time standards and all the above falls within the scope of the filings and unlawful practices of the Somerville Police Department.
39. Henry Diaz did suffer serious and substantial injury and damages as a result of the actions of the Somerville Police Department.

**WHEREFORE,** the plaintiff respectfully request that this Court grant the following relief:

Enter Judgment against Defendant;

1. Award plaintiff attorney fees, costs and expert witness fees;
2. Award compensatory damages for lost wages and benefits, emotional pain and suffering, emotional distress, humiliation, anxiety, embarrassment, reputational damages, loss of enjoyment of life and out-off-pocket expenses or other financial losses, plus lawful interest;
3. Award punitive damages pursuant to G.L. c. 151B §9;
4. Award multiple damages pursuant to G.L. c. 151B §9;
5. Order the defendants to pay prejudgment interest from the date of the filing of this complaint with the EEOC/MCAD; and
6. Award damages pursuant to G.L. c. 151B;
7. Award damages under any relevant law, rule and regulation whether State or Federal;
8. Award such other relief as the Court deems fair and just:

### JURY CLAIM

The plaintiff demands a trial by jury on all issues so triable.

Dated: June 11, 2019

**Respectfully submitted,
Plaintiff,**

**HENRY DIAZ,**

By his attorney,

/s/ James J. Heggie
James J. Heggie, BBO No. 659244
333 Ricciuti Drive, #1721
Quincy, MA 02169
Telephone: (617) 842-2175

6-1-19